Laurine A. BERGLAND, Personal Representative of John L. A. Bergland, Deceased, Plaintiff,

v.

MARTIN MARIETTA ALUMINUM, INC., Defendant.

Civ. No. 1975/557.

District Court, Virgin Islands, D. St. Croix.

June 16, 1977.

■■■■■■■■■

Thomas Alkon, Isherwood, Colianni, Alkon & Barnard, Christiansted, St. Croix, V. I., for plaintiff.

John B. Nichols, Christiansted, St. Croix, V. I., for defendant.

## MEMORANDUM OPINION WITH ORDER AND AMENDED JUDGMENT ATTACHED

WARREN H. YOUNG, District Judge.

Pursuant to a jury verdict, judgment was entered in the above-captioned matter on April 27, 1977 against defendant Martin Marietta Aluminum, Inc. and in favor of the survivors of John L. A. Bergland as follows: (1) to Laurine A. Bergland, widow of the deceased, the total sum of $182,-931.00; (2) to Wendell Bergland, the deceased's minor son, the total sum of $283,-931.00; and, (3) to Judith Bergland, the deceased's minor daughter, the total sum of $283,931.00. Defendant has moved the Court for a new trial or, alternatively, for a substantial remittitur pursuant to Rule 59 of the Federal Rules of Civil Procedure, 5 App. I V.I.C.R. 59. As grounds in support thereof, defendant contends: (1) that the verdict of the jury was tainted by the misconduct and prejudicial statements of plaintiff's counsel during closing argument; and (2) that certain portions of the verdict award were against the weight of the evidence.

■ Defendant's initial contention is without merit. Taken out of context, the remarks of plaintiff's counsel alluded to by defendant in its memorandum might give one pause. However, in viewing said statements in light of the entire proceedings, I must conclude that they neither constituted misconduct nor served to prejudice defendant in any manner. The trial was lengthy and the jury was particularly attentive throughout. The evidence as to the culpability of defendant was overwhelming. Defendant did not object to the closing remarks of plaintiff's counsel; defendant did not seek a mistrial; defendant did not ask the Court for curative jury instructions. While such inaction might not bar defendant from seeking post trial relief, it does manifest the fact that, at the time of trial, no one was taken aback by the statements of plaintiff's counsel. *Curtis Pub. Co. v. Butts,* 351 F.2d 702, 714 (5th Cir. 1965), *aff'd,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).

■ Notwithstanding defendant's contentions to the contrary, a review of the testimony of Laurine Bergland and Dr. Olaf G. Hendricks reveals a sufficient evidential basis for the jury's award to Judith Bergland. To be sure, there was a greater amount of evidence with respect to the mental suffering and intangible loss of Wendell Bergland. However, the jury's apparent determination that the two minor children were entitled to equivalent compensation for the loss of their father cannot be deemed unreasonable.

■ Although defendant's contentions with respect to the award to Laurine Bergland are not without evidential support, the evidence supporting said damage award was equally as strong. In determining the amount of compensation to which Laurine Bergland was entitled, the jury was called upon to weigh conflicting testimony, and most importantly, to weigh the credibility of witnesses. This being so, I cannot substitute my judgment of the facts and the credibility of the witnesses for that of the jury. *Lind v. Schenley Industries, Inc.,* 278 F.2d 79, 90 (3rd Cir. 1969), *cert. den.,* 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960).

In suggesting a remittitur in lieu of a new trial in *Lettsome v. Elmes,* 1977 St. Croix Supp. 154 (D.V.I.1977), I noted several specific factors supporting such relief. No such circumstances are present herein. Although the jury's total award was significantly higher than past awards rendered in the Virgin Islands, it is essential to note that the instant action pertained to the loss

of a man's life and that the award was rendered on behalf of three survivors. In light of all the evidence herein, I cannot say with firm conviction that a mistake has been made nor that to permit the jury's verdict to stand would constitute a miscarriage of justice.

At the conclusion of oral argument on defendant's motion, I informed respective counsel that I would consider a partial remittance of the $10,000.00 award to each survivor for lost past support. Although I felt that the evidence did not warrant an award in excess of $5,874.00 per survivor, I advised defendant that consideration of said issue would require the preparation of a transcript of Professor Roberts' testimony. Plaintiff, however, has since consented to a reduction of said portion of the judgment.

As a final matter, plaintiff's request for indemnification by defendant for attorneys' fees will be denied. Plaintiff will, however, be awarded its court costs of $2,824.52 as reflected in the bill of costs filed May 6, 1977.

## ORDER AND AMENDED JUDGMENT

In accordance with the reasons set forth in the Memorandum Opinion of even date herewith it is hereby

ORDERED; that the Judgment entered April 27, 1977 be amended as follows:

1. That Laurine A. Bergland recover from defendant Martin Marietta Aluminum, Inc. the sum of $178,805.00.

2. That J. Michael Spencer, guardian ad litum of Wendell Bergland and Judith Bergland, recover from defendant, Martin Marietta Aluminium, Inc. the sum of $279,-805.00, on behalf of Wendell Bergland, and the sum of $279,805.00 on behalf of Judith Bergland; and it is further

ORDERED; that defendant's motion for a new trial or, alternatively, for a remittitur, be and the same is hereby DENIED; and it is further

ORDERED; that plaintiff recover of defendant indemnification for its court costs in the sum of $2,824.52.