Norwilton **MURRAY,** Plaintiff,

v.

**BELOIT POWER SYSTEMS, INC.,** Defendant.

**Civ. No. 76/539.**

District Court, Virgin Islands, D. St. Croix.

July 12, 1978.

Thomas Alkon, Isherwood, Colianni, Alkon & Barnard, Christiansted, St. Croix, V. I., for plaintiff.

David V. O'Brien, Merwin, Alexander & O'Brien, Christiansted, St. Croix, V. I., for defendant.

## MEMORANDUM OPINION

WARREN H. YOUNG, District Judge.

This matter is before the Court on the motion of Beloit Power Systems, Inc. for a new trial or an order directing a remittitur. For the reasons set forth below, the motion will be denied.

Plaintiff, Norwilton Murray, brought this tort action for personal injuries which he allegedly sustained while installing a control panel manufactured by defendant. A trial was conducted before a six member jury during the week of May 22, 1978. On May 26 the jury returned a verdict in favor of plaintiff in the amount of $2,000,000.00. The jury awarded plaintiff $300,000.00 for impaired future earning capacity and $1,700,000.00 for pain and suffering, mental anguish, loss of enjoyment of life and lost past income. Upon reducing to present value the award for lost future earnings and upon further reducing the verdict amount to reflect the jury's finding of five percent contributory negligence, judgment was entered against defendant and in favor of plaintiff in the amount of $1,747,855.60.

Defendant advances two arguments in support of its rule 59 motion. First, it contends that the jury award was

so outrageously high as to shock the conscience of the Court thereby warranting a new trial or an order directing plaintiff to remit a sizable portion of the verdict amount in lieu of a new trial. This Court has recently enunciated the test to be applied where claims of verdict excessiveness are made. *See, Bergland v. Martin Marietta Aluminum, Inc.,* 74 F.R.D. 635 (D.V.I. 1977); *Lettsome v. Elmes,* D.V.I., Div. St. Thomas & St. John, Civ. No. 75/520 (filed April 4, 1977). It is not enough that the Court, as the trier of fact, would have awarded a lesser amount of damages. Rather, the damages assessed by the jury must be so unreasonable as to offend the conscience of the Court. *See, also, Tann v. Service Distributors, Inc.,* 56 F.R.D. 593 (E.D.Pa.1972), aff'd, 481 F.2d 1399 (3d Cir. 1973). A trial judge must be extremely reluctant to interfere with the power of a jury to assess damages and a verdict will not be set aside unless it is clear to the court that the decision of the jury was the product of passion, prejudice or otherwise irrational behavior.

█ It is noted that the jury award in this lawsuit significantly exceeded most awards returned by juries in personal injury actions heretofore tried in this judicial district. It is also noted that the Court, as the trier of fact and due to an apparently divergent sense of the value of a dollar, would have awarded a lesser amount of damages. However, I cannot conclude that the jury's award was the product of irrational behavior. The jury was presented with substantial evidence as to the devastating nature of plaintiff's injuries and the result reached could rationally and dispassionately be rendered by laymen on the basis of the evidence relevant to the issue of damages. *Lebeck v. William A. Jarvis, Inc.,* 250 F.2d 285, 288 (3d Cir. 1957). Accordingly, defendant's motion for a new trial or an order directing a remittitur must be denied insofar as it is predicated upon a claim of verdict excessiveness.

Defendant's second argument is that the jury's finding of only five percent contributory negligence was so against the weight of the evidence as to mandate a new trial. The parameters of the discretion afforded a trial judge in passing upon such a rule 59 motion were enunciated by the Third Circuit in *Lind v. Schenley Industries, Inc.,* 278 F.2d 79 (3rd Cir. 1960). Therein, Chief Judge Biggs stated that where a new trial is granted on the ground that the jury verdict was against the weight of the evidence

. . . the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts. 278 F.2d at 90.

The court stated further

Where a trial is long and complicated and deals with a subject matter not lying within the ordinary knowledge of jurors a verdict should be scrutinized more closely by the trial judge than is necessary where the litigation deals with material which is familiar and simple. 278 F.2d at 90–91

█ The trial of this lawsuit was not unduly long and the subject matter—particularly as to the issue of the existence and degree of contributory negligence—rested well within the comprehension of any intelligent layman. Moreover, plaintiff sustained his injuries during the course of his employ and the reluctance of the jury to attribute a significant degree of culpability to plaintiff within an employment context is readily understandable. In sum, I find no serious error in the jury's decision and defendant's motion for a new trial will be denied.

█ In his complaint, plaintiff requests that he be indemnified by defendant for his court costs and attorneys' fees. 5 V.I.C. § 541. However, no application for indemnification has heretofore been effected by plaintiff. The attached order will provide that each party bear their own costs of action.