**CELIA GUMBS and JAMES GUMBS, Plaintiffs**

**v.**

**PUEBLO INTERNATIONAL, INC., Defendant**

Civil No. 1983/95

District Court of the Virgin Islands
Div. of St. Thomas and St. John

December 12, 1985

ETHEL MITCHELL, ESQ., St. Thomas, V.I., *for plaintiffs*

WILFREDO A. GEIGEL, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The defendant in this case filed the usual post-trial motions after a jury awarded Celia Gumbs $900,000 and her husband $10,000. Plaintiffs filed their own motion seeking an award of attorney's fees and other costs. We will grant a new trial unless Celia Gumbs remits the portion of her award above $575,000. We will also award plaintiffs indemnification in part for their attorney's fees and other costs.

## I. FACTS

Celia Gumbs slipped on cooking oil at Pueblo Supermarket and fell, spreadeagled, to the floor, injuring her lower back and spraining her coccyx or tail bone. Though never hospitalized, she felt immediate pain, which has endured to this day, and which will intermittently bother her for the rest of her life. She did not prove any lost wages, past or future, nor did she prove any future medical expenses, though there was testimony that perhaps a future operation will be necessary. She incurred substantial medical expenses. Through it all she has continued her work and climbs up and down 50 steps each working day to her office. She and her husband found sexual relations too painful for her and they diminished in frequency as a result. They separated, by their testimony, because of this problem and others having to do with the increased work load of James Gumbs around the house to pick up the slack caused by the difficulty Celia Gumbs had in normal household chores. Celia Gumbs is no longer able to do those outdoor things she enjoyed prior to the accident, nor can she enjoy dancing and other physical activities as she formerly did.

For this, a jury awarded her $900,000 and her husband $10,000 for loss of consortium. Her award was obviously given for her pain and suffering, past and future, mental anguish, past and future, and loss of enjoyment of life, past and future. The medical bills in evidence were also included in the award but are not a significant part of the jury verdict, given the size of the award. No award was permitted for economic losses or future medical expenses.

After the trial, Pueblo filed promptly for judgment notwithstanding the verdict, or, alternatively, for a new trial. The Gumbs sought attorney's fees and other costs. Except for the claim that Celia Gumbs' award was excessive, Pueblo raises no issues of merit. Accordingly, this opinion will discuss the claim of excessiveness and the claim for attorney's fees and costs.

## II. APPLICABLE LAW

### A. *Claim of Excessiveness*

■ As this Court reviews the evidence in the face of a motion directed at a claim of excessiveness of the verdict, it is not enough that the Court, as trier of fact, would have awarded a lesser amount of damages. Rather, the damages assessed by the jury must be so unreasonable as to offend, even shock, the conscience of the Court. A trial judge must be extremely reluctant to interfere with the power of a jury to assess damages, and a verdict will not be set aside unless it is clear to the court that the decision of the jury was the product of passion, prejudice or otherwise irrational behavior. Murray v. Beloit Power Systems, Inc., 79 F.R.D. 590 (D.V.I. 1978) aff'd 610 F.2d 149 (3d Cir. 1979); Tann v. Service Distributors, Inc., 56 F.R.D. 593 (E.D. Pa. 1972) aff'd 481 F.2d 1399 (3d Cir. 1973).

### B. *Application for Attorney's Fees and Costs*

The Gumbs seek an award of attorney's fees and other costs as the prevailing parties in this action. Under 5 V.I.C. § 541 the prevailing party is entitled to such an award in the discretion of the court.

## III. DISCUSSION

### A. *The Claim of Excessiveness*

Pueblo cites not a single case in support of its claim of excessiveness which deals with actual fact patterns and other jury awards. Mr. and Mrs. Gumbs cite the District Court opinion in Murray v. Beloit Power Systems, Inc., supra at 591–92 for a comparable situation. In Murray, the injured plaintiff was awarded the net amount of $1,787,000, of which about $1,200,000 was for pain and suffering, mental anguish, and loss of enjoyment of life.

The Gumbs rightly point to the similarities in the injuries. Each injured party suffered one or more herniated discs, sexual dysfunction, ongoing pain and mental anguish and the possibility of future medical complications. But what cannot be overlooked is the fact that in the Murray case, the plaintiff's injuries were far more severe.

He injured his cauda equina, that portion of the lower back which controls urinary, fecal and sexual functions to such an extent that the prognosis was for future sexual impotency, required removal of the prostate gland, possible fatal damage to the kidneys and possible confinement to a wheelchair. He could not stand straight, was incapable of any kind of work, wore a genital clamp to control the bladder function, and had already had two serious operations to relieve pain, which further weakened his back. The notion of walking up and down 50 stairs every working day, which Mrs. Gumbs can do, is but a dream for Murray.

While the injuries to Mrs. Gumbs were less severe when compared to the Murray case, they are not to be denigrated. They have been described earlier in this opinion, and they were worthy of a sizable jury award. However, the amount of $900,000 is shocking to the conscience of this Court. It can rightly be said that ultimately a judge's decision on whether he or she is "shocked" by the size of an award depends on personal predeliction, and one judge's "shock" level may be substantially higher than another's. Be that as it may, we cannot let this verdict stand.

█ But we cannot reduce it by remittitur to what we would have given, because that is not the applicable law governing such a situation. Rather, we can only require reduction to a level that is no longer shocking, which will still be substantial in size. That level is $575,000.

The plaintiff Celia Gumbs will have thirty days to remit the portion of her jury award above $575,000, or a new trial will be granted. As to James Gumbs, the award of $10,000 will remain undisturbed.

B. *Attorney's Fees and Other Costs*

If Celia Gumbs does not remit a portion of the award, a new trial will be held and any discussion of attorney's fees and other costs will await the outcome of the new trial. If the case ends at the District Court level with acceptance of the remittitur, then this portion of the opinion and the Court's order will apply.

█ We have reviewed the affidavit of counsel and believe it meets the requirements for an award. The hourly charge of $100 is reasonable. In our discretion, we will award seventy-five (75) hours of effort at that rate, or a fee indemnification of $7,500. As to other costs, we will award the cost of Dr. Sylvia Payne's expert testimony, the process server and deposition costs, for a total of $2,304.25.

The total award will be $9,804.25.

## ORDER

THIS MATTER is before the Court on motions by the defendant for judgment n.o.v. or for a new trial and by the plaintiffs for an award of attorney's fees and other costs. The Court having filed its Memorandum Opinion of even date herewith, now therefore it is

ORDERED:

THAT the defendant's motion for judgment n.o.v. is DENIED;

THAT the defendant's motion for a new trial is GRANTED, UNLESS, within thirty days of the date hereof, plaintiff Celia Gumbs informs the Court in writing, through her attorney, that she accepts a remittitur of that portion of her jury award in excess of $575,000, in which event the motion for a new trial is DENIED; and

THAT the plaintiffs receive from the defendant the sum of $9,804.25 as partial indemnification for their attorney's fees and other costs.